UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
JOSEPH LICHTENSTEIN, *pro se*,  :
                                :          **SUMMARY ORDER**
                      Plaintiff, :
                                :          07-CV-1653 (DLI)(LB)
           -against-            :          07-CV-1680 (DLI)(LB)
                                :
REASSURE AMERICA LIFE INSURANCE :
COMPANY, LIFE REASSURANCE       :
CORPORATION OF AMERICA,         :
DISABILITY MANAGEMENT SERVICES, :
INC., ROBERT D. HOFFMAN, JR.,   :
MASSACHUSETTS MUTUAL LIFE       :
INSURANCE COMPANY, SUSAN RENTZ, :
and SHEILA SACCO,               :
                                :
                      Defendants. :
---------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

Familiarity with the complaint, parties, and procedural history of this case is presumed. *See generally Lichtenstein v. Reassure America Life Ins. Co. et. al.*, 2009 WL 792080 (E.D.N.Y. Mar. 23, 2009). On March 23, 2009, considering both sets of defendants' unopposed 12(b)(6) motions in tandem, this court dismissed all but one of *pro se* plaintiff's causes of action.[1] On June 9, 2009, plaintiff moved for reconsideration of the court's decision. (*See generally* Docket Entry No. 37.) As it was not filed within 10 days of the court's decision, this motion would normally be dismissed as untimely pursuant to Local Civil Rule 6.3. However, Judge Bloom granted plaintiff's request for an extension *nunc pro tunc* on June 3, 2009. (*See* Docket Entry No. 36.) Furthermore, in his subsequent reply in support of the motion, plaintiff clarified that his motion was made pursuant to Federal Rule of Civil Procedure 60, and was not actually a motion

---

[1] *See id.* at *1. The sole remaining claim, for breach of contract, is in discovery before the Honorable Lois Bloom, United States Magistrate Judge.

for reconsideration. (*See* Docket Entry No. 48.) Accordingly, and in deference to his *pro se* status, plaintiff's motion is timely. Nevertheless, for the reasons set forth below, it is denied.

## STANDARD OF REVIEW

The court liberally reviews *pro se* submissions "to raise the strongest argument that they suggest." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (citations and internal quotations omitted). "A motion for relief from judgment pursuant to Rule 60 must adhere to stringent standards, because such relief is limited to the six grounds specified in the rule."[2] In deciding such motions, "a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987). "Moreover, courts typically require that the evidence in support of the motion for relief be highly convincing, that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." *Welkovics*, 1995 WL 760726, at *1 (citations and internal quotation marks omitted). District courts have "sound discretion" to rule on such motions. *See Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978).

## DISCUSSION

Plaintiff does not indicate which of the six permissible Rule 60(b) grounds forms the basis of his requested relief. *See Welkovics*, 1995 WL 760726, at *1; *see also* FED. R. CIV. P. 60(b). Indeed, the rambling nature of his submissions makes it difficult for the court to discern any cognizable legal arguments. None of the points the court could make out are persuasive, let alone "highly convincing." *Welkovics*, 1995 WL 760726, at *1.

---

[2] *Welkovics v. Hebrew Academy of Capital Dist.*, 1995 WL 760726, at *1 (N.D.N.Y., Nov. 14, 1995). These grounds are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other conduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b).

Plaintiff's strongest argument appears to be that this court mistakenly applied New York law to the common law fraud claim in its original decision, and should instead have applied Texas or Massachusetts law. (Mot. for Recons. 2–6); *see Lichtenstein*, 2009 WL 792080, at *9. However, the court had jurisdiction over plaintiff's common law fraud claim by virtue of diversity, and a federal court applies the choice of law rules of the forum state—New York—in such a case. *See Gilbert v. Seton Hall Univ.*, 332 F.3d 105, 109 (2d Cir. 2003). In New York, "fraud claims are governed by the state in which the injury is deemed to have occurred, which is usually where the plaintiff is located." *Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd.*, 85 F. Supp. 2d 282, 292 (S.D.N.Y. 2000) (citations and internal quotation marks omitted). It is undisputed that plaintiff's residence and business were located in New York at all relevant times, and that the policy was purchased in New York. Accordingly, New York law was properly applied.

Plaintiff's remaining points provide no new evidence for the court to consider. The interests of finality thus far outweigh any policy of revisiting the dismissed claims. *See Kotlicky*, 817 F.2d at 9. Accordingly, the court exercises its discretion to deny the instant motion in its entirety. *See Browder*, 434 U.S. at 263 n.7.

SO ORDERED.

Dated: Brooklyn, New York
      March 26, 2010

                                              _____/s/_____
                                                      DORA L. IRIZARRY
                                               United States District Judge