UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JOSEPH LICHTENSTEIN, *pro se*,  :
                                :    **SUMMARY ORDER ADOPTING**
             Plaintiff,         :    **REPORT AND RECOMMENDATION**
                                :
        -against-               :    07-CV-1653 (DLI) (LB)
                                :
REASSURE AMERICAN LIFE INSURANCE :
COMPANY; DISABILITY MANAGEMENT  :
SERVICES, INC.; and ROBERT D.   :
HOFFMAN, JR.,                   :
                                :
             Defendants.        :
------------------------------------------------------------ x
JOSEPH LICHTENSTEIN, *pro se*,  :
                                :
             Plaintiff,         :    **SUMMARY ORDER ADOPTING**
                                :    **REPORT AND RECOMMENDATION**
        -against-               :
                                :    07-CV-1680 (DLI) (LB)
MASSACHUSETTS MUTUAL LIFE       :
INSURANCE CO.; MS. SUSAN RENTZ; and, :
MS. SHEILA SACCO,               :
                                :
             Defendants.        :
------------------------------------------------------------ x

**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se* plaintiff Joseph Lichtenstein brings these two diversity actions alleging that defendants unlawfully denied him benefits under his disability insurance policies. Defendants moved to dismiss the complaints pursuant to F<span style="font-variant:small-caps">ED</span>. R. C<span style="font-variant:small-caps">IV</span>. P. 37(b)(2)(A)(v). U.S. Magistrate Judge Lois Bloom issued a Report and Recommendation ("R & R"), dated November 8, 2010, recommending dismissal of this action due to plaintiff's persistent failure to comply with the court orders, despite repeated warnings from the court that failure to comply with his obligations would result in dismissal of these two actions. (Docket No. 07-CV-1653, Entry 79; Docket

1

No. 07-CV-1680, Entry 76.) Plaintiff objected. For the reasons set forth below, the R & R is adopted in its entirety and defendants' motions to dismiss are granted.[1]

## DISCUSSION

**I.  Legal Standards**

Where a party objects to a R & R, a district judge must make a *de novo* determination with respect to those portions of the R & R to which the party objects. *See* FED. R. CIV. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b); *see also* 28 U.S.C. § 636(b)(1)(C).

Pursuant to FED. R. CIV. P. 37(b)(2)(A)(v), a court may dismiss a complaint for a party's failure to comply with a court order. When determining whether to dismiss a complaint pursuant to FED. R. CIV. P. 37, the court may look to: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) (per curiam). A party's failure to comply with a court order is considered willful when the court's orders were clear, the party understood them and the non-compliance is not due to factors beyond the party's control. *See Davidson v. Dean*, 204 F.R.D. 251, 255 (S.D.N.Y. 2001).

All litigants are required to comply with court orders regardless of their *pro se* status. *See Agiwal*, 555 F.3d at 302. The court may dismiss a *pro se* plaintiff's claim for failure to

---

[1] Familiarity with the facts and background of this matter as set forth in the R & R is assumed, and, thus, shall not be repeated herein. Only those facts necessary to the discussion shall be set forth herein.

comply with a court order "so long as a warning has been given that noncompliance can result in dismissal." *See id.*; *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994).

**II.     Analysis**

The Magistrate Judge recommended dismissal of this action pursuant to FED. R. CIV. P. 37(b)(2)(A)(v) because plaintiff has not complied with the court's repeated orders to provide defendants with responses to their discovery requests. Plaintiff objected, arguing that he complied with the law and that his failure to provide dates on his medical releases was merely a small oversight on his part.[2]

This court makes a *de novo* determination regarding whether the action should be dismissed pursuant to FED. R. CIV. P. 37(b)(2)(A)(v). *See* FED. R. CIV. P. 72(b). The record here reflects the court's repeated orders directing plaintiff to provide defendants with responses to their discovery requests, including valid releases for plaintiff's medical and employment records. (*See* Docket No. 07-CV-1653, Entries 50, 53, 72; Docket No. 07-CV-1680, Entries 37, 43, 56, 67.) However, plaintiff failed to fully and properly comply with the discovery requests and orders. Plaintiff even admits that he failed to provide dates on the releases for his records, *see* Docket No. 07-CV-1653, Entry 74; Docket No. 07-CV-1680, Entry 71, thus rendering them ineffective and noncompliant with the court's discovery orders.

Furthermore, plaintiff's failure to comply with the Magistrate Judge's orders to respond to defendants' discovery requests was willful because the Magistrate Judge clearly informed plaintiff of his obligation to comply with the requests and provided plaintiff with several opportunities to do so. (*See* Docket No. 07-CV-1653, Entries 50, 53, 72; Docket No. 07-CV-1680, Entries 37, 43, 56, 67.) Plaintiff's purported reliance on William Littman is not sufficient

---

[2] Because plaintiff is a *pro se* litigant, the court interprets his objections to raise the strongest arguments that they suggest. *See Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006).

to excuse his failure to comply with the discovery orders, because plaintiff was repeatedly warned by the Magistrate Judge that Mr. Littman is not a licensed attorney and that plaintiff will not be excused for failing to comply with a court order due to his reliance on Mr. Littman. (*See* Docket No. 07-CV-1653, Entries 50, 53, 69; Docket No. 07-CV-1680, Entries 37, 43, 64.)

Plaintiff has failed to comply with the discovery orders for well over a year. No lesser sanction is available given the number of opportunities the Magistrate Judge has afforded plaintiff to comply, to no avail. Moreover, plaintiff was warned repeatedly that noncompliance with the Magistrate Judge's discovery orders would result in dismissal. (*See* Docket No. 07-CV-1653, Entries 50, 53, 72; Docket No. 07-CV-1680, Entries 37, 43, 56, 67.)

## CONCLUSION

For the reasons discussed above, the R & R is adopted in its entirety and defendants' motions to dismiss pursuant to FED. R. CIV. P. 37(b)(2)(A)(v) are granted. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       March 1, 2011

/s/
DORA L. IRIZARRY
United States District Judge