UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
JOSEPH LICHTENSTEIN, *pro se*,         :
                                       :      **SUMMARY ORDER**
                         Plaintiff,    :
                                       :      07-CV-1653 (DLI) (LB)
              -against-                :
                                       :
REASSURE AMERICAN LIFE INSURANCE       :
COMPANY; DISABILITY MANAGEMENT         :
SERVICES, INC.; and ROBERT D.          :
HOFFMAN, JR.,                          :
                                       :
                         Defendants.   :
---------------------------------------------------------- x
JOSEPH LICHTENSTEIN, *pro se*,         :
                                       :
                         Plaintiff,    :      **SUMMARY ORDER**
                                       :
              -against-                :      07-CV-1680 (DLI) (LB)
                                       :
MASSACHUSETTS MUTUAL LIFE              :
INSURANCE CO.; MS. SUSAN RENTZ; and,   :
MS. SHEILA SACCO,                      :
                                       :
                         Defendants.   :
---------------------------------------------------------- x

**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se*[1] Plaintiff Joseph Lichtenstein brought these two diversity actions alleging that defendants unlawfully denied him benefits under his disability insurance policies. By Summary Order dated March 1, 2011, the court adopted the Report and Recommendations ("R & R") of U.S. Magistrate Judge Bloom and dismissed Plaintiff's complaint pursuant to FED. R. CIV. P. 37(b)(2)(A)(v). The court has since received a letter from Plaintiff dated March 31, 2011,

---

[1] In reviewing Plaintiff's complaint, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

1

which the court will liberally construe as both a motion for reconsideration and a request for an extension of time to appeal the court's March 1, 2011 Summary Order. For the following reasons, the motion for reconsideration is denied and Plaintiff is granted fourteen (14) days from the date of this Order to file notice of his appeal.

**I.     Discussion**

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure ("Rule" or "Rules") and New York Local Rule 6.3. *Shearard v. Geithner*, 2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010). Plaintiff fails to assert under which Rule he seeks consideration. Local Rule 6.3 states that, "a notice of motion for reconsideration . . . shall be served within fourteen (14) days . . . after the entry of the judgment." Here, the instant motion was filed on March 31, 2011, 29 days after entry of judgment on March 2, 2011. Thus, a motion under Local Rule 6.3 clearly would be untimely.[2]

Rule 59(e) permits a party to seek reconsideration of a court's judgment so long as the party files its "motion to alter or amend a judgment . . . no later than 28 days after the entry of judgment." If the Rule 59(e) motion is not timely filed, then the motion to reconsider will be treated as a Rule 60(b) motion. *See United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 1993). Although Plaintiff filed his letter one day after the deadline to timely file a Rule 59(e) motion, in light of his *pro se* status, this court will evaluate its motion under both Rule 59(e) and 60(b). *See supra* note 1.

   *A. Standard of Review*

Under both Rules 59(e) and 60(b), the decision to grant or deny a motion for reconsideration is within "the 'sound discretion of a district court judge.'" *See Darcelin v. New*

---

[2] Even if the court found that Plaintiff's March 10, 2011 letter requesting an extension of time to appeal constitutes notice of the motion for reconsideration under Local Rule 6.3, Plaintiff's motion would fail for the reasons set forth herein.

*York*, 2010 WL 723455, at *1 (E.D.N.Y. Feb. 26, 2010); *Chamberlin v. Principi*, 2006 WL 647785, at *1 (S.D.N.Y. Mar. 15, 2006), *aff'd*, 247 Fed. Appx. 251 (2d Cir. 2007) (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the court in deciding the original motion. *Id.; United States v. Gross*, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002). Nor is it proper to raise new arguments and issues. *Gross*, 2002 WL 32096592 at *4. Still, "reconsideration may be granted to correct a clear error, or prevent manifest injustice.'" *Chamberlin*, 2006 WL 647785 at *1 (citing *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Rule 60(b) specifies that courts may relieve parties from final judgments, orders, or proceedings for, *inter alia*, mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b). A motion for reconsideration under Rule 60(b) "[is] generally granted only upon the showing of exceptional circumstances." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd*, 501 U.S. 115 (1991); *Nemaizer v. Baker*, 793 F.2d 58, 61-62 (2d Cir. 1986).

*B. Analysis*

Plaintiff's March 31, 2011 letter requesting reconsideration simply repeats the same arguments that this court carefully considered and rejected in its adoption of the R & R. Moreover, the August 5, 2009 letter Plaintiff attaches to his letter requesting reconsideration is

3

not new evidence; it was previously filed with this court and, while it was not explicitly mentioned in the court's Summary Order, was considered in this court's dismissal of the instant case. (*See* Docket No. 07-CV-1680, Entry 47.) Although the August 5, 2009 letter states that Plaintiff provided medical authorizations to defendant Massachusetts Mutual Life ("Mutual Life"), Plaintiff consistently failed to comply with several subsequent court orders directing Plaintiff to provide discovery to defendants, including orders to provide defendants with valid authorizations for Plaintiff's medical and other records.[3] (*See* Docket No. 07-CV-1653, Entries 50, 53, 72; Docket No. 07-CV-1680, Entries 56, 67; *see also* Docket No. 07-CV-1680, Entry 55.) Thus, the August 5, 2009 letter does not constitute new evidence or data that was overlooked by the court.

In sum, Plaintiff has failed to demonstrate the existence of exceptional circumstances warranting reconsideration, or controlling decisions or data that would alter the conclusions reached in the court's March 1, 2011 Summary Order. Accordingly, Plaintiff's request for reconsideration is without merit.

## II. Conclusion

For the reasons discussed above, Plaintiff's motion for reconsideration is denied. The court grants Plaintiff an extension of time to file an appeal of the court's March 1, 2011 Summary Order; Plaintiff must file his appeal fourteen (14) days after the date of this Order. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good

---

[3] Furthermore, Plaintiff is incorrect that this court based its decision to dismiss the complaint solely on the contention that Plaintiff failed to provide proper releases to the defendants as ordered by the court. (*See* Docket No. 07-CV-1653, Entry 87 at 3-4; Docket No. 07-CV-1680, Entry 84 at 3-4.) Instead, the court clearly stated in its Summary Order that it dismisses the action based on Plaintiff's failure to comply with the discovery requests *including* failure to properly authorize the releases. (*See* Docket No. 07-CV-1653, Entry 83 at 2.)

faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 20, 2011

/s/
DORA L. IRIZARRY
United States District Judge